```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

SHEET METAL WORKERS LOCAL     :
UNION NO. 100, WASHINGTON DC
AREA HEALTH BENEFITS FUND,    :
et al.
       v.                     : Civil Action No. DKC 2004-3766
                              :
GEORGE EMPTY, et al.
                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiffs' motion for default judgment.  The issues have been briefed and no hearing is deemed necessary.  Local Rule 105.6.  For the reasons that follow, the motion will be denied.

Plaintiffs, the Sheet Metal Workers' Local Union No. 100, Washington D.C. Area Health Benefits Fund ("Fund"), and Trustees of the Fund filed a complaint against George Empty "d/b/a Mechanical Air, Inc." and Mechanical Air, Inc. (collectively, "Defendants"), alleging that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.  According to the complaint, Defendants are bound by a collective bargaining agreement ("Agreement") requiring them to make contributions to the Fund for each employee covered under the Agreement and to furnish monthly statements indicating the amount due for the hours worked by Defendants' covered employees.  For the months of November 1999 through March 2001,

Defendants failed to make contributions to the Fund and to submit the monthly statements.  In July 2001, Defendants agreed to a repayment plan to pay, between July 2001 through February 2002, the contributions Defendants owed.  On October 5, 2001, Mechanical Air forfeited its corporate status in the State of Maryland.  Defendants did not stay current on their payments.  They made their last payment on June 16, 2003, leaving a balance due of $6,424.16.

Plaintiffs filed the present suit on November 29, 2004.  On May 23, 2005, Plaintiffs filed a motion for entry of default against Mr. Empty "d/b/a Mechanical Air, Inc."  An order of default was entered against him on May 25, 2005, for failure to plead or otherwise defend this suit.  Plaintiffs did not seek an entry of default against Mechanical Air.  On August 30, 2005, Plaintiffs filed a motion for dismissal without prejudice against Mechanical Air, which the court granted August 31, 2005.

Pursuant to Fed.R.Civ.P. 55(b), Plaintiffs now move this court to enter default judgment against Mr. Empty, who was properly served on January 17, 2005.  Plaintiffs seek the balance due of $6,424.16; interest from the date of default at the rate of one percent, in the amount of $2,086.08; liquidated damages in the amount of $1,284.83 as required by 29 U.S.C. § 1132(g)(2); costs associated with filing this action in the

amount of $227.00; and attorneys' fees in the amount of $1,661.00. In their affidavit, Plaintiffs also seek $13.05 in duplicating costs, however, these costs are not available under Fed.R.Civ.P. 54(d). *See Hadix v. Johnson*, 322 F.3d 895 (6th Cir. 2003).

The relief Plaintiffs seek is money Mechanical Air owed to the Fund. The general rule is that a corporation is a legal entity separate from its stockholders. *See Ace Dev. Co. v. Harrison*, 196 Md. 357, 366 (1950). The purpose of a corporation is to give limited liability to its stockholders. *Id*. Consequently, shareholders generally are not individually liable for the obligations of a corporation, except when necessary to prevent fraud or to enforce a paramount equity. *See Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc.*, 275 Md. 295, 310 (1975). *See also Quinn v. Quinn*, 11 Md.App. 638, 648 (1971) ("[A] corporation, even if owned solely by one person, will be regarded as an independent person distinct from its shareholders, subject to exception only when necessary to prevent fraud or to enforce a paramount inequity.").

Plaintiffs' claims for relief appear to concern the corporation's failure to pay into the Fund during the months of November 1999 through March 2001, and stem from an agreed payment plan reached in July 2001. On these dates, Mechanical

3

Air was a corporation pursuant to the laws of the State of Maryland; its corporate status was not forfeited until October 5, 2001.  Thus, the money owed is the corporation's debt.  With regard to Mr. Empty's liability for this debt, the complaint does not allege facts such as fraud or paramount inequity that would give rise to personal liability prior to October 5, 2001. Naming Mr. Empty "d/b/a Mechanical Air, Inc." does not change the result.  A person cannot "do business" as a corporation because a corporation is a separate entity.  *See Ace Dev. Co.*, 196 Md. 357 at 366.  *See also Hildreth v. Tidewater Equip. Co., Inc.*, 378 Md. 724 (2003) (refusing to pierce the corporate veil of a sole shareholder who operated under the trade name of a corporation registered in New Jersey, even though he conducted business in Maryland without a valid registration).

Although well pled allegations as to liability are accepted as true upon default, *see Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983), the allegations here do not establish individual liability as to Mr. Empty.

Accordingly, Plaintiffs' motion for entry of default judgment against Mr. Empty is DENIED.

                                                       /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge